**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION**

| | |
|---|---|
| INTERNATIONAL PAINTERS AND ALLIED )<br>   TRADES INDUSTRY PENSION FUND, )<br>INTERNATIONAL PAINTERS AND ALLIED )<br>   TRADES INDUSTRY PENSION PLAN, )<br>INTERNATIONAL PAINTERS AND ALLIED )<br>   TRADES INDUSTRY ANNUITY PLAN, )<br>TIM D. MAITLAND, in his official capacity as a fiduciary, )<br>FINISHING TRADES INSTITUTE )<br>   F/K/A INTERNATIONAL UNION OF PAINTERS )<br>   AND ALLIED TRADES JOINT APPRENTICESHIP )<br>   AND TRAINING FUND, )<br>POLITICAL ACTION TOGETHER FUND, and )<br>PAINTERS AND ALLIED TRADES LABOR )<br>   MANAGEMENT COOPERATION INITIATIVE )<br>7234 Parkway Drive )<br>Hanover, MD 21076 )<br>                      Plaintiffs, )<br>   v. )<br> )<br>ANKA PAINTING COMPANY, INC., )<br>29 Fairview Street )<br>Palisades Park, NJ 07650 )<br> )<br>and )<br> )<br>ANKA KOVACIC )<br>29 Fairview Street )<br>Palisades Park, NJ 07650 )<br> )<br>                      Defendants. ) | CIVIL ACTION NO. |

**COMPLAINT**

Plaintiffs, by undersigned counsel, complain as follows.

**JURISDICTION**

1. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. §§ 1132, 1145; 29 U.S.C. § 185(a); and/or 28 U.S.C. § 1331. The claims asserted are all made

under federal statutes or federal common law, but the supplemental jurisdiction of the Court under 28 U.S.C. § 1367(a) also extends to any claims that are found to lie under state law.

2. A copy of this Complaint is being served on the Secretary of Labor and the Secretary of Treasury of the United States by certified mail in accordance with 29 U.S.C. § 1132(h).

## VENUE

3. Venue lies in the District of Maryland under 29 U.S.C. § 1132(e)(2), 29 U.S.C. § 185(a) and/or 28 U.S.C. § 1391(b).

## PARTIES

4. Plaintiff International Painters and Allied Trades Industry Pension Fund ("Fund" or "Pension Fund") is a trust fund established under 29 U.S.C. § 186(c)(5). Its Trustees are the "named fiduciary," "plan administrator" and "plan sponsor" and each is an individual "fiduciary," within the meaning of 29 U.S.C. §§ 1102(a)(2), 1002(16), (21), for the International Painters and Allied Trades Industry Pension Plan ("Pension Plan") and International Painters and Allied Trades Industry Annuity Plan ("Annuity Plan" and together with the Pension Plan, the "Plans").

5. The Pension Plan is a "multiemployer plan," "employee benefit plan" and "employee benefit pension plan" within the meaning of 29 U.S.C. § 1002(37), (2) and (3) which is administered and has its principal place of business in this district at the address for the Fund in the caption of this Complaint. The Pension Plan is also known as and referenced as "Pension", "IU Pension" and "Pension Fund" in the Labor Contracts(s) relating to this complaint.

6. The Annuity Plan is a "multiemployer plan," "employee benefit plan" and

"employee benefit pension plan" within the meaning of 29 U.S.C. § 1002(37), (2) and (3) which is administered and has its principal place of business in this district at the address for the Fund in the caption of this Complaint.  The Annuity Plan is also known as and referenced as "IU Annuity" and "Annuity Fund" in the Labor Agreements relating to this complaint.

7. Plaintiff Tim D. Maitland ("Maitland" and, together with "Fund," "Plaintiffs") is a fiduciary of the Funds within the meaning of 29 U.S.C. § 1002(21) with respect to collection of contributions due the Funds and related matters. He has a business address as listed in the caption and is authorized to bring this action on behalf of all Trustees of the Fund and the Funds as organizations.

8. The Fund and Maitland are authorized collection fiduciary(ies) and agent(s) for:

(a) the Pension Plan,

(b) the Annuity Plan,

(c) the Finishing Trades Institute f/k/a International Union of Painters and Allied Trades Joint Apprenticeship and Training Fund ("FTI"), and

(d) the Ancillary Funds identified below.

9. FTI is a trust fund established under 29 U.S.C. § 186(c)(5) and "multiemployer plans" and "employee benefit plan" and "employee welfare benefit plan" within the meaning of 29 U.S.C. § 1002(37), (1), and (3).  The FTI maintains its principal place of business and is administered from an office in this district and is also known as and referenced as "IUPAT Finishing Trades Institute," "Apprenticeship",  "FTI", "IUPAT FTI Fund" and "IUPAT FTI" in the Labor Agreements relating to this complaint.

10. The Political Action Together Fund, which includes the Political Action Together – Legislative and Educational Committee and  Political Action Together – Political Committee

(jointly or severally, "PAT Fund"), is an unincorporated association or fund established pursuant to 2 U.S.C. § 431 et seq. by the International Union of Painters and Allied Trades for the purpose of advancing the political interests of its members by lawfully influencing the selection, nomination, election and/or appointment of individuals for political office.

11. The Painters and Allied Trades Labor Management Cooperation Initiative ("LMCI"), is an entity that performs certain employer association functions, but is also an unincorporated organization established under 29 U.S.C. § 186(c)(9). The LMCI is also known as and referenced as "LMCI Fund" in the Labor Agreements relating to this complaint.

12. The PAT Fund and LMCI are jointly or severally referenced as "Ancillary Funds" and maintain their principal place of business and are administered from an office in this district.

13. The Fund and Maitland, in their capacity as authorized collection fiduciary(ies) and agent(s) sue on behalf of the Pension Plan, the Annuity Plan, the PAT Fund, FTI and LMCI.

14. The Fund, Pension Plan, Annuity Plan, FTI and, as allowed by law, LMCI, are jointly or severally referenced as the "ERISA Funds." The ERISA Funds, LMCI and PAT Fund are hereinafter jointly or severally referenced as the "Funds."

15. Defendant Anka Painting Company, Inc. ("Company") is New Jersey corporation and an employer in an industry affecting commerce within the meaning of 29 U.S.C. §§152(2), (6) and (7), 1002(5), (11) and (12) with a business office at the address listed in the caption. Company does business with the Fund that is sufficient to create personal jurisdiction over the Company in this district and a substantial part of the events or omissions giving rise to the claim occurred from transactions with the Funds' office(s) in this district.

16.     Defendant Anka Kovacic ("Individual Defendant" and together with Company, "Defendants") is an individual and an owner, officer, agent or managing agent of Company with a business address as listed in the caption.

**COMMON FACTS**

17.     At all times relevant to this action, the Company was party to or agreed to abide by the terms and conditions of a collective bargaining agreement(s) (singly or jointly, "Labor Contracts") with one or more local labor unions or district councils affiliated with the International Union of Painters and Allied Trades, AFL-CIO, CLC (the locals, district councils and International being referred to jointly as "Union").  A true and correct copy of the cover page, table of contents, contribution provisions and joinder or signature page of the Labor Contract is attached as Exhibit 1.

18.     The Company also agreed to abide by the terms of the Agreement and Declaration of Trust of the Fund ("Trust Agreement"), and the plan documents for the ERISA Funds.  A true and correct copy of the Trust Agreement for the Fund is attached as Exhibit 2. True and correct copies of the cover page, table of contents, §§3.08, 10.07, 10.08, and 10.11 and signature page of the Pension Plan are attached as Exhibit 3, and the Annuity Plan has parallel terms.

19.     Under the Labor Contracts, Trust Agreement, plan documents of the ERISA Funds or other documents, the Company agreed:

(a)     To make full and timely payment on a monthly basis to the Funds, as required by the Labor Contracts, Trust Agreement and plan documents. Ex. 2, p. 15 (Art.VI, §2); Ex. 3, §10.07.

   (b) To file monthly remittance reports with the Funds detailing all employees or work for which contributions were required under the Labor Contract. Ex. 2, p. 15 (Art.VI, §5).

   (c) To produce, upon request by the Funds, all books and records deemed necessary to conduct an audit of the Company's records concerning its obligations to the Funds and to pay the cost of the audit if found to be delinquent or in violation of the Trust Agreement or Plan. Ex. 2, p. 16 (Art.VI, §6).

   (d) To pay liquidated damages, interest, audit costs, and all costs of litigation, including attorneys' fees, expended by the Funds to collect any amounts due as a consequence of the Company's failure to comply with its contractual and statutory obligations described in Subparagraphs (a), (b) and (c). Ex. 2, pp. 15-16 (Art.VI, §§4, 6); Ex. 3, §§10.07, 10.11.

  20. Plaintiffs' auditors performed a payroll compliance audit of Company's financial and business records for the period of January 1, 2016 through March 31, 2019 pursuant to the terms of the Labor Contract and above referenced Trust and plan documents. The audit revealed delinquent contributions owed to the Funds.

  21. All conditions precedent to this lawsuit or the relief it seeks have been satisfied.

**COUNT I - CONTRIBUTIONS UNDER ERISA - SUM CERTAIN**

**ERISA FUNDS**
**v.**
**COMPANY**

  22. The allegations of Paragraph 1 through 21 are incorporated by reference as if fully restated.

  23. Based on information available to the ERISA Funds, Company has failed to pay amounts due under the Labor Contracts, Trust Agreement and Plan from January 1, 2016 through

March 31, 2019 in at least the sum of $444,801.52 in violation of 29 U.S.C. § 1145, as detailed on the attached Exhibit 4.

24.     The ERISA Funds are adversely affected and damaged by the Company's violation of 29 U.S.C. § 1145.

**WHEREFORE**, Plaintiffs ask that the Court:

(1)     Enter judgment against Company in favor of the Plaintiffs, for the benefit of the ERISA Funds, for at least the sum certain amount plus any additional amounts which may become due during the pendency of this lawsuit, together with interest at the rate(s) prescribed by 26 U.S.C. § 6621 from the due date for payment until the date of actual payment, liquidated damages equal to the greater of the interest on the unpaid contributions or liquidated damages provided by the documents governing the ERISA Funds or statute, and reasonable attorneys' fees and costs incurred in this action or the collection or enforcement of any judgment all as provided under the Trust Agreements, plan documents of the ERISA Funds, and 29 U.S.C. § 1132(g)(2).

(2)     Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

## COUNT II - CONTRIBUTIONS UNDER CONTRACT - SUM CERTAIN

**PLAINTIFFS
v.
COMPANY**

25.     The allegations of Paragraphs 1 through 24 are incorporated by reference as if fully restated.

26.     Company has not paid the Funds as required by the Labor Contract, and other documents incorporated by the Labor Contract, such as the Trust Agreements or plan documents of the ERISA Funds.

27.     Based on information currently available to the Plaintiffs, Company has failed to pay amounts due under the Labor Contracts, Trust Agreements and Plan from January 1, 2016 through March 31, 2019 in at least the sum of $448,683.01, as detailed on the attached Exhibit 4.

28.     Plaintiffs have been damaged as a proximate result of the breach of Labor Contract and/or its incorporated documents by Company.

**WHEREFORE**, Plaintiffs ask that the Court:

(1)     Enter judgment against the Company and in favor of Plaintiffs, for the benefit of the Funds, for the sum certain currently due plus any additional amounts which become due and owing during the pendency of this litigation or as a result of an audit together with liquidated damages, interest and costs, including reasonable attorneys' fees incurred in this action or the collection or enforcement of any judgment, as provided in the Labor Contract and Trust Agreements.

(2)     Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

## COUNT III - BREACH OF FIDUCIARY DUTY

### PENSION PLAN and ANNUITY PLAN
### v.
### INDIVIDUAL DEFENDANT

29.     Plaintiffs incorporate Paragraphs 1 through 28 by reference as if fully restated.

30.     At such time as contributions became due and payable by Company to the Pension Plan and Annuity Plan, such monies became assets of the Pension Plan and Annuity Plan under and pursuant to the terms of the governing documents of the Pension Plan and Annuity Plan and applicable law.  See Ex. 2, p. 5 (Article I, §10).

31.     Individual Defendant is a fiduciary with respect to the Pension Plan and Annuity

Plan under 29 U.S.C. §1002(21) with respect to amounts not paid to the Fund by reason of her possession, authority and control respecting the management or disposition of plan assets with respect to assets of the Pension Plan and Annuity Plan in his possession.

32.     As a custodian and fiduciary in possession of Pension Plan and Annuity Plan assets, Defendant had a duty prudently to safeguard Plan assets, to place them in trust apart from the assets of Company as soon as practicable and deliver them to the Plaintiffs, on demand or earlier, and to account for assets received and earnings or profits thereon under 29 U.S.C. §§1104, 1103(a) and applicable regulations.

33.     Individual Defendant violated 29 U.S.C. §§1104, 1103(a) and adversely affected or damaged the Pension Plan and Annuity Plan and/or their participants or beneficiaries by retaining plan assets that were not properly payable to them and/ or diverting plan assets to their own use or benefit.

34.     The Pension Plan and Annuity Plan are adversely affected by Individual Defendant's acts or omissions in violation of 29 U.S.C. §§1104, 1103(a).

**WHEREFORE**, Plaintiffs ask that the Court:

(1)     Require Individual Defendant to render an accounting of Pension Plan and Annuity Plan assets received and held by them (hereinafter "Plan Assets")  and their earnings, profits or proceeds due the Pension Plan and Annuity Plan or allow an audit by the Fund to prepare such an accounting;

(2)     Enjoin Individual Defendant, and its agents, servants, employees, attorneys, fiduciaries and persons in active concert or participation with them and others who receive actual notice of an order, to comply with governing law and the terms of the Pension Plan's and Annuity Plan's respective plans of benefits with respect to the care and custody of the Plan

Assets and accounting for the custody and earnings on the Plan Assets;

(3) Require Individual Defendant to make good any losses to the Pension Plan and Annuity Plan resulting from breach of fiduciary duty and to restore to such Plan any profits which have been made through use of the Plan Assets, and

(4) Grant such other equitable or remedial relief as the Court may deem appropriate.

## COUNT IV - PROHIBITED TRANSACTION

### PENSION PLAN and ANNUITY PLAN
### v.
### INDIVIDUAL DEFENDANT

35. Plaintiffs incorporate Paragraphs 1 through 34 by reference as if fully restated.

36. Company and Individual Defendant are parties-in-interest with respect to the Fund within the meaning of 29 U.S.C. §§ 1002(14).

37. 29 U.S.C. § 1106(a) provides in part:

> A fiduciary with respect to a plan shall not cause the plan to engage in a transaction, if he knows or should know that such transaction constitutes a direct or indirect …
>
> (D) transfer to, or use by or for the benefit of a party-in-interest, of any assets of the plan.

38. 29 U.S.C. § 1106(a) separately and additionally prohibits the sale or exchange, lease, lending of money or other extension of credit, or furnishing of goods, services or facilities between a plan and a party-in-interest.

39. 29 U.S.C. § 1106(b) provides in part:

> A fiduciary with respect to a plan shall not –
>
> (1) deal with the assets of the plan in his own interest or for his own account,
>
> (2) in his individual or any other capacity act in any transaction involving the plan on behalf of a party (or represent a party) whose

interests are adverse to the interests of the plan or the interests of its participants or beneficiaries, ...

40. 29 U.S.C. § 1106(b)(3) separately prohibits any receipt of consideration by a fiduciary for his own personal account from any party dealing with the plan in connection with a transaction involving the assets of a plan.

41. 29 U.S.C. § 1108(c) permits a fiduciary with respect to an employee benefit plan to receive and retain only the amounts to which he is entitled under the terms of the employee benefit plan on the same basis as other plan participants.

42. The acts or omissions of Individual Defendant violate 29 U.S.C. § 1106.

43. The violations of 26 U.S.C. § 1106 by Individual Defendant are not exempt under 29 U.S.C. § 1108. The Plan has been damaged or adversely affected by the prohibited transactions.

**WHEREFORE**, Plaintiffs ask that the Court:

(1) Require Individual Defendant to correct the prohibited transaction;

(2) Require Individual Defendant to make good to the Pension Plan and Annuity Plan any losses resulting from each such breach and to restore to such Plan any profits of such fiduciary which have been made through use of the Plan Assets by the fiduciary; and

(3) Grant any other equitable, remedial or other relief as the law permits and the Court may deem appropriate.

## COUNT V – CONVERSION

**PENSION PLAN AND ANNUITY PLAN
v.
DEFENDANTS**

44. Plaintiffs incorporate Paragraphs 1 through 43 by reference as if fully restated.

45. Under New Jersey law, the elements of common law conversion are "[the

existence of] property and the right to immediate possession thereof belonging to plaintiff, and the wrongful interference with that right by defendant." Marsellis-Warner Corp. v. Rabens, 51 F. Supp. 2d 508, 525 (D.N.J. 1999) (citations omitted).

46.     Pursuant to the governing documents of the Pension Plan and the Annuity Plan, right and title to the Plan Assets vested in the Pension Plan and the Annuity Plan when the contributions to said Plans became due and owing.

47.     Defendants' retention of the Plan Assets constitutes wrongful interference with the Pension and Annuity Plans' right of possession.  Id.

**WHEREFORE**, Plaintiffs ask that the Court:

(1)     Require the Defendants to disgorge and turn over the Plan Assets to the Pension Plan and the Annuity Plan;

(2)     Require the Defendants to make good to the Pension Plan and Annuity Plan any losses resulting from each such breach and to restore to such Plan any profits which have been made through use of the Plan Assets by the fiduciary; and

(3)     Grant any other equitable, remedial or other relief as the law permits and the Court may deem appropriate.

Respectfully submitted,

**JENNINGS SIGMOND, P.C.**

Date: November 19, 2019

/s/ Judith Sznyter
JUDITH SZNYTER, ESQUIRE (Bar No. 29743)
1835 Market Street, Suite 2800
Philadelphia, PA 19103
Phone: (215) 351-0641
Fax: (215) 922-3524
jsznyter@jslex.com/dmd_erisa@jslex.com

*Attorneys for Plaintiffs*